## In re MCMAHON'S WILL.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

WILLS—REVOCATION OF PROBATE.
> A surrogate's decree refusing to set aside probate of a will should be affirmed, where it appears that the instrument was executed with every formality, and after much consultation by the testator, who was of disposing mind and free from restraint or undue influence.

Appeal from surrogate's court, Kings county.

Application for the revocation of the probate of the will and codicil of Michael McMahon, deceased.　The revocation was denied, and petitioners appeal.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Wm. D. Veeder,* for appellants.　*James N. Beatty,* (*William E. Osborn,* of counsel,) for respondents.

BARNARD, P. J.　This appeal is taken from the decree of the surrogate of Kings county, refusing to revoke the probate of the last will and testament, and codicil thereto, of Michael McMahon, a resident of said county at his decease, which had been previously admitted to probate in said court, and adjudging that said will and codicil were each duly proven as such, and were the last will and testament, and codicil thereto, of said deceased.　This will and codicil have been twice proven fully before the surrogate's court of Kings county, and by witnesses who apparently have a fair standing in the community.　No testimony whatever was offered by those opposed to the will, either upon the probate thereof, or upon the application made to revoke the probate, and no questions of fact or law appear to be mentioned in the testimony.　The testimony shows that every formality was complied with, and that the papers

were executed after much consultation and examination by the testator, and that he was of sound disposing mind and memory; that he had in view his family, and that the will and codicil are his deliberate acts. Although the provisions of the will are unusual, there is nothing in the evidence to show that the testator acted other than in entire freedom from restraint or undue influence in making it. The decree of the surrogate refusing to set aside the probate of the will and codicil, and adjudging the same to be the last will and codicil thereto of said deceased, is affirmed, with costs. All concur.